DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from a judgment issued by the Lucas County Court of Common Pleas. It comes before the court on counsel's motion to withdraw as counsel on appeal, and the Anders brief in support thereof.
On May 23, 2000, appellant was indicted on one count of aggravated burglary, in violation of R.C. 2911.11(A)(1), a first degree felony. Appellant's attorney negotiated a plea agreement whereby appellant entered a plea of guilty to the lesser, included offense of burglary, and was sentenced on August 30, 2001, to sixteen months of incarceration in the Ohio Bureau of Rehabilitation and Corrections, with one hundred eight days credit for time served.
Appellant filed his notice of appeal with this court September 26, 2001, and the case was placed on the court's accelerated docket.
Appellant's appointed counsel submitted a motion to withdraw as counsel on appeal on November 9, 2001, pursuant to Anders v. California (1967),386 U.S. 738. In support of her request, and pursuant to the guidelines set forth in Anders, appellant's counsel asserts that after an extensive review of the record she was unable to find any valid, arguable issues for appeal. In that event, counsel must submit a brief setting forth any information in the record which might arguably support an appeal, and furnish a copy of the brief and motion to appellant. Id. at 744. Counsel has met these requirements. Appellant has not submitted a brief of his own.
Counsel for appellant has raised the following potential assignments of error:
 "I. Whether the trial court erred in accepting a plea of guilty?
 "II. Whether the trial court erred in sentencing the defendant to sixteen months?"
Regarding appellant's first proposed assignment of error, we find that the trial court did not err in accepting appellant's guilty plea. On the contrary, the trial court extensively questioned appellant pursuant to Crim.R. 11(C)(2) before accepting his plea. The court began by questioning appellant as to his ability to read and understand English. The court described the maximum penalty appellant faced and the rights he was waiving by entering a guilty plea, and determined that appellant was entering his plea voluntarily.
Thus, appellant's first proposed assignment of error is without merit.
Regarding appellant's second proposed assignment of error, a trial court may sentence a defendant to six to eighteen months incarceration for the commission of a fourth degree felony offense. See R.C.2929.14(A)(4). If the court finds at least one factor listed in R.C.2929.13(B)(1) present, the court then reviews whether incarceration is consistent with the purposes of sentencing enumerated in R.C. 2929.11, bearing in mind the seriousness and recidivism factors listed in R.C.2929.12. As a result of its review, if the court finds that a prison term is consistent with the purposes and principles of felony sentencing, and the defendant is not amenable to community control, then the court is required to impose a prison term, pursuant to R.C.2929.13(B)(2)(a).
The transcript of the sentencing hearing in this case shows that the trial court considered statements made, including a victim impact statement, appellant's record, and a presentence report, and found several of the factors enumerated in R.C. 2929.13(B)(1) were applicable. These factors include appellant's previous convictions for offenses that caused physical harm, the fact that appellant had served previous prison terms, and that appellant had caused physical harm to the victim in this case and was subject to community control sanctions when he committed the offense in this case.
The court then considered the seriousness and recidivism of the offense, pursuant to R.C. 2929.12, and found that appellant was not amenable to community control sanctions and imprisonment was consistent with the sentencing principles set forth in R.C. 2929.11. The judge explained:
 "The facts surrounding this offense are also important to note * * * the defendant had broken into the apartment of the victim and in other words kicked in the door. The victim in this case was the defendant's former girlfriend. The defendant armed himself with what is referred to as a butcher-type knife leaving minor injury but injury as a result of a cut on the back. * * * The defendant bent the knife used to cut the victim and then fled the apartment. * * * [T]he victim suffered serious psychological harm. She, in fact, believed at the time that she was, in fact, going to lose her life and continues to have fear for her safety. We also find that the relationship with the victim facilitated the offense."
Referring to one of appellant's prior convictions for which he was granted probation, the judge added:
 "We note that * * * the defendant was granted and given the opportunity to address his use and abuse of illicit drugs as well as address any mental health issues that were present."
Accordingly, we find that appellant's sentence was not contrary to law, and therefore his second potential assignment of error is without merit.
Upon review of the entire record of proceedings in the trial court, we find no other grounds for a meritorious appeal. Therefore, this court finds the issues raised in the Anders brief to be without merit and wholly frivolous. The motion to withdraw filed by appellant's court-appointed counsel is found well-taken and is hereby granted.
The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., and Mark L. Pietrykowski, P.J., CONCUR.